**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EUGENE ALEXANDER II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-336-MJR |
| ) | |
| MEARL JUSTUS and T.J. COLLINS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

Currently pending before the Court is Plaintiff's motion to waive the form filing requirement (Doc. 2). This motion is **GRANTED**.

**THRESHOLD REVIEW**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against defendants Justus and Collins for violations of Plaintiff's right to exercise his religion

> **COUNT 2:** Against defendants Justus and Collins for denying Plaintiff adequate access to the law library and for insufficient legal materials.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

<u>GENERAL CONSIDERATIONS</u>

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).  At the same time, "[t]he conditions of

imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985).

### **COUNT 1**

Plaintiff states that he practices Islam. Upon arrival at the St. Clair County Jail in April 2005, Plaintiff requested that he be allowed to attend weekly Islamic services. Defendants informed Plaintiff that because they do not have many detainees requesting such services, they are not provided by the jail. Plaintiff states that as a result of the denial of religious services, he suffers from a lack of mental and spiritual peace, calmness, and tranquility; loss of sleep and appetite; and mental pain, anguish, and emotional distress.

A detainee's right to exercise his religion "does not evaporate entirely when he enters a jail." *See Tarpley v. Allen County, Indiana*, 312 F.3d 895, 898 (7th Cir. 2002) (citing *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972)). However, the detainee's right "is not unfettered." *Tarpley*, 312 F.3d at 898. Prison restrictions that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49 (1987). Based on these standards, Plaintiff's claim that Defendants violated his first amendment rights cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

### **COUNT 2**

Plaintiff states that while housed at the St. Clair County Jail, he was allowed access to the law library for only one hour every other Wednesday. Furthermore, he states that the law library was woefully inadequate in that the statutory provision Plaintiff was accused of violating and needed

to research was ripped from the volume of the Illinois Compiled Statutes.  Plaintiff also states that the law library does not contain a number of standard research tools, and of the compilations and sets that do exist, many are outdated or incomplete.  The complaint includes an exhaustive list of research tools unavailable to detainees.  Plaintiff states that the inadequate law library has rendered him "completely unable to prepare a defense" in his state criminal matter.

Prisoners have a fundamental right of meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817 (1977).  This right of access extends to pretrial detainees as well as convicted prisoners.  *See Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir.1993).  The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts.  *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992).  First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987).  That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  It does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid,* 969 F.2d at 603.  Based on these

standards Plaintiff's claim that he was denied access to courts cannot be dismissed at this point in the litigation.  *See* 28 U.S.C. § 1915A.

**SUMMARY AND CONCLUSION**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **MEARL JUSTUS and T.J. COLLINS**.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **MEARL JUSTUS and T.J. COLLINS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of St. Clair County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 28th day of February, 2006.**

                                      **s/ Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**