IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE ALEXANDER II, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | Case No. 3:05-cv-336-MJR |
|  ) | |
| MEARL JUSTUS and T. J. COLLINS, ) | |
|  ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Strike and/or Dismiss Affirmative Defenses filed by Eugene Alexander II ("Plaintiff") on May 3, 2006 (Doc. 17). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

Eugene Alexander ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, alleging that Mearl Justus and T. J. Collins ("Defendants") violated his constitutional rights while he was incarcerated at the St. Clair County Jail. More specifically, he alleges that Defendants: (1) denied him an opportunity to practice his religion; and (2) denied him adequate access to the law library and failed to provide him sufficient legal materials.

Defendants filed an Answer to these allegations on April 6, 2006 (Doc. 16), asserting that they are entitled to qualified immunity because they acted in good faith in the performance of their duties and without violating any of Plaintiff's "clearly established" rights. In their second affirmative defense, Defendants assert that Plaintiff has failed to state a cause of action upon

which relief may be granted because he failed to plead exhaustion of his administrative remedies, which, according to Defendants, is required under the Prison Litigation Reform Act ("PLRA").[1] On May 3, 2006, Plaintiff filed the instant motion (Doc. 17), requesting that the Court strike both affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

### CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 12(f) states that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1400 (1991) (internal citations omitted). Affirmative defenses are pleadings and are thus subject to the pleading requirements of Federal Rule of Civil Procedure 8(a). See Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). An affirmative defense meets the pleading requirements of Rule 8(a) if it sets forth "a short and plain statement of the defense." Id. at 1294; Rosenburg v. Cottrell, Inc., 2006 WL 3590299, at *3 (S.D. Ill. 2006).

Defendants' first affirmative defense, asserting qualified immunity, is sufficient on its face in that it is a short and plain statement that reveals the nature of the defense. Heller, supra, at 1294. Although Plaintiff maintains that this defense will ultimately falter if the Court adopts certain facts, his motion to strike must be denied because there is no certainty that the defense would fail under every possible fact pattern. Williams, supra, at 1400.

---

[1] 42 U.S.C. § 1997(e): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Defendants' second affirmative defense, asserting that Plaintiff has failed to state a claim because he did not plead exhaustion of administrative remedies, states a viable affirmative defense, although it misstates the provisions of the PLRA. See Jones v. Bock, 127 S.Ct. 910, 921 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Despite being imperfectly stated, the second defense is sufficient to survive Plaintiff's motion to strike because it is a short and plain statement of the defense and because it is not certain to fail under every possible fact pattern. Heller, supra, at 1294; Williams, supra, at 1400.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Strike and/or Dismiss Affirmative Defenses filed by Plaintiff on May 3, 2006 (Doc. 17) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 22, 2007**

>     s/ *Donald G. Wilkerson*
>     **DONALD G. WILKERSON**
>     **United States Magistrate Judge**